IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHELLE GOLDEN,            )
                            )
        Plaintiff,           )
                            )
    v.                       )          1:12CV1097
                            )
NCO FINANCIAL SYSTEMS,      )
                            )
        Defendant.           )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Precede [sic] In Forma Pauperis (Docket Entry 1). (See Docket Entry dated Oct. 11, 2012.) For the reasons that follow, the Court will grant Plaintiff's Application, but only for the purpose of recommending dismissal of this action.

BACKGROUND

This case began October 10, 2012, when Plaintiff (or someone using her name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Precede [sic] In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," describing the case as "an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*[.] and for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*[.]"

(Docket Entry 2 at 1; see also id. at 3-6 (setting forth two causes of action under FCRA and one under FDCPA).) It also purports to assert various state-law claims. (See id. at 6-9.) The only material, non-conclusory factual allegations in the Complaint regarding Defendant appear as follows: "Plaintiff found after examination of her Equifax, Trans Union and Experian consumer credit report that Defendant had obtained Plaintiffs [sic] Equifax, Trans Union and Experian consumer credit reports in 03/2012" (id. at 2), "Plaintiff has no contractual obligation to pay Defendants [sic]" (id.), and "Defendant failed to attach the alleged member agreement or any evidence that Plaintiff ever had an account" (id.).

Upon further review, the undersigned Magistrate Judge noticed that the signatures on Plaintiff's IFP Application and Complaint featured a mere printed version of Plaintiff's name in the signature block (rather than a traditional signature). (See Docket Entry 1 at 3; Docket Entry 2 at 9.) The undersigned Magistrate Judge also determined that printing and "signatures" on these materials bear significant, distinctive similarities to printing and/or "signatures" on many other pauper applications, complaints, motions, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i." (Compare, e.g., Docket Entry 1 at 1-3 and Docket Entry 2 at 9, with Wiggins v. Firstpoint

Collections Res., No. 1:12CV451, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3; Durham v. Absolute Collection Servs., No. 1:12CV957, Docket Entry 1 at 3, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Ferguson v. Absolute Collection Serv., No. 1:12CV1023, Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; and James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

Moreover, a review of the complaints in those cases revealed a number of other unusual similarities both of form and substance, including that most (like Plaintiff's Complaint): 1) state under the heading "JURISDICTION AND VENUE" that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; and 2) set forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "COUNT I," "COUNT II," "15 U.S.C 1681b," "COUNT III," "RECKLESS AND WANTON CONDUCT," "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX." (Compare Docket Entry 2, with Wiggins, No. 1:12CV451, Docket Entry 2; Ferguson, No. 1:12CV493, Docket Entry 2; Shamberger, 1:12CV876, Docket Entry 2; Durham, No. 1:12CV957, Docket Entry 2;

-3-

Grant, No. 1:12CV958, Docket Entry 2; Ferguson, No. 1:12CV1023, Docket Entry 2; and James, No. 1:12CV1098, Docket Entry 2.)[1]

Given the foregoing circumstances, the undersigned Magistrate Judge set this case for a hearing on Plaintiff's instant IFP Application, on the same calendar with other similar cases. (See Docket Entry 4.) Plaintiff did not appear as directed. (See Docket Entry dated Nov. 26, 2012.) Moreover, only one of the plaintiffs from the other similar cases noticed for proceedings that day appeared and he denied preparing, signing, or filing any documents in his case (or authorizing anyone else to do so), but did acknowledge that he had talked to someone he knew only as "Mussa" about improving his credit record. (See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[2]

## DISCUSSION

Because Plaintiff seeks to proceed as a pauper, this Court has an obligation to dismiss the Complaint "at any time" should it

---

[1] Another similar lawsuit also shared such characteristics, except that it did not contain the sections after "COUNT III." (See Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 1 at 1-3, Docket Entry 2 at 5.) Yet another lawsuit (not listed above) matches the cases cited here except that its original complaint appears to have a traditional signature. (See Covington v. Absolute Collection Serv., No. 1:12CV811, Docket Entry 2; but see id., Docket Entry 12 at 5 (setting out printed name in signature box for amended complaint).) Finally, Plaintiff (or someone using Plaintiff's name) also filed two additional cases with similar features. (See Golden v. Firstpoint Collection Serv., No. 1:12CV875; Golden v. Absolute Collection Servs., No. 1:12CV956.)

[2] The Clerk maintains an audio-recording of all the proceedings from that calendar.

determine that the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A Complaint falls short if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[3]

In this case, the Complaint purports to assert two claims under the FCRA based on Defendant's alleged obtaining of

---

[3] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

Plaintiff's credit report without a permissible purpose. (See Docket Entry 2 at 3.) The Complaint lacks any indication that Plaintiff ever contacted Defendant directly to ask why Defendant obtained Plaintiff's credit report. (See id. at 1-9.) Moreover, Plaintiff's IFP Application acknowledges several debts and service accounts (see Docket Entry 1 at 3), as to which collection or other activity could occur so as to give rise to permissible grounds to obtain her credit report, see 15 U.S.C. § 1681b (a)(3)(A), (C), (E), and (F). Further, the Complaint contains only a bald assertion that Defendant acted wilfully and that Plaintiff suffered actual damages. (See Docket Entry 2 at 3.) In two separate, recent cases, this Court, under similar circumstances, dismissed for failure to state a claim complaints featuring such FCRA claims. See James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553 (M.D.N.C. June 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. July 23, 2013) (Schroeder, J.); King v. Equable, No. 1:12CV443, 2013 WL 2474377 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.). The same result should occur here.

The other causes of action in the Complaint also fall short. For example, although Plaintiff purports to assert a claim for violation of the FDCPA (see Docket Entry 2 at 5-6), the allegation that Defendant obtained Plaintiff's credit report (see id. at 2) does not even relate to, much less sufficiently support, a finding that Defendant violated any of the cited FDCPA provisions (such as

"falsely representing the character, amount, or legal status of any debt," "communicating or threatening to communicate to any person credit information which is known or which should be known to be false," "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," "failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt," "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," and failing to send timely written notice of rights to dispute the debt (id. at 5)). The only other non-conclusory factual allegations in the Complaint, i.e., that "Plaintiff has no contractual obligation to pay Defendants [sic]" (id. at 2) and that "Defendant failed to attach the alleged member agreement or any evidence that Plaintiff ever had an account" (id.), arguably could have some connection to one or more of the foregoing alleged violations of the FDCPA or the state law claims identified in the Complaint; however, even granting Plaintiff the benefit of liberal construction, the Complaint lacks sufficient factual matter to state any such claim or claims.[4]

---

[4] Had Plaintiff appeared at the scheduled hearing, the undersigned Magistrate Judge would have inquired as to whether Plaintiff possessed any additional factual information that would have supported any of her claims, such that she should have an opportunity to amend her Complaint. By failing to appear as directed, Plaintiff has waived any right to such consideration.

CONCLUSION

The Complaint, which appears to represent part of a pattern of sham litigation, fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Precede [sic] In Forma Pauperis (Docket Entry 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte*, for failing to state a claim on which relief can be granted.

                                    /s/ L. Patrick Auld
                                       **L. Patrick Auld**
                            **United States Magistrate Judge**

August 26, 2013